United States District Court
Southern District of Texas
**ENTERED**
October 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NORMA MEZQUITA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-24-141 |
| | § | |
| KROGER TEXAS L.P., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Norma Mezquita alleges that she slipped and fell on a plastic bag near the entrance of a Kroger[1] grocery store in Texas. (Docket Entry Nos. 1-1, 33). Kroger has moved for summary judgment, arguing that, "[b]ased on the summary judgment evidence," "Kroger did not have actual or constructive knowledge of the alleged condition" and noting that Mezquita "does not know where the unmarked bag came from[;] does not know who dropped the bag[;] does not know when the bag was dropped[;] and does not know how long the bag was on the ground before the incident." (Docket Entry No. 32 at 2–3, 6). Mezquita responded and Kroger replied. (Docket Entry Nos. 33, 34). The motion is ready for a ruling.

Based on the pleadings, the motion, the response, the reply, the record, and the applicable law, the court grants Kroger's summary-judgment motion, (Docket Entry No. 32). The reasons for this ruling are set out below.

## I. The Legal Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"

[1] The court refers to "Kroger Texas L.P." and "K034 Kroger East/Houston," as Kroger.

*Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it 'might affect the outcome of the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). When considering a motion for summary judgment, the court "must consider all facts and evidence in the light most favorable to the nonmoving party" and "must draw all reasonable inferences in favor of the nonmoving party." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and pointing to record evidence demonstrating that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(c). "When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is a dispute of material fact warranting trial.'" *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration adopted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quotation marks and quoting reference omitted). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v.*

*Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotation marks and quoting reference omitted). Rather, the nonmovant "must identify specific evidence in the record and articulate the precise manner in which that evidence supports [its] claim." *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (alteration adopted) (quotation marks and quoting reference omitted). The movant is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323.

## II. Analysis

### 1. The Negligence Claim

Mezquita asserts a negligence claim against Kroger. (Docket Entry No. 1-1 at 3). In Texas, "a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citation omitted). "Although premises liability is itself a branch of negligence law, it is a 'special form' with different elements that define a property owner['s] or occupant's duty with respect to those who enter the property." *Id.* (citation omitted). Texas courts "have recognized that 'slip/trip-and-fall cases have consistently been treated as premises defect causes of action.'" *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017) (citation omitted); *see also Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 215 (Tex. 2015) ("[W]hen a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises-liability." (citations omitted)).

Mezquita has not presented evidence that she was injured by a contemporaneous activity. *Cf id.* Mezquita has neither refuted Kroger's argument nor provided additional facts that warrant

a contrary conclusion. (*Compare* Docket Entry No. 32, *with* Docket Entry No. 33). Kroger is entitled to judgment as a matter of law on the negligence claim.

**2. The Premises-Liability Claim**

Mezquita's claims are properly analyzed under Texas premises-liability law. Mezquita's premises-liability claim fails as a matter of law because there is no genuine factual dispute material to an essential element of the claim. To avoid summary judgment on a premises liability claim, a plaintiff must raise a factual dispute as to the elements of the claim: "(1) [a]ctual or constructive knowledge of some condition on the premises by the owner/operator; (2) [t]hat the condition posed an unreasonable risk of harm; (3) [t]hat the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) [t]hat the owner/operator's failure to use such care proximately caused the plaintiff's injuries." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citations omitted).

Mezquita's claim fails on the first element because she has not presented competent summary-judgment evidence to create a genuine factual dispute material to determining whether Kroger had actual or constructive notice of the plastic bag at issue before Mezquita fell. *See id.*; *H-E-B, LP v. Peterson*, 732 S.W.3d 541, 548 (Tex. 2026) ("Constructive knowledge of a dangerous condition requires evidence that the condition existed for a sufficient duration before the time and place of the injury for a premises owner to have discovered it."); (*cf.* Docket Entry No. 1-1 at 2–3 (alleging that the "condition" was the "plastic bag")). Although Mezquita argues that "dispersed leaves and papers" near the entrance "raise[] the constructive-notice question[,]" Mezquita does not allege that the leaves or papers altered her walking pathway or otherwise caused her to slip on the plastic bag. (*See generally* Docket Entry Nos. 1-1, 33). That there may have been leaves or papers does not demonstrate how long the plastic bag was on the ground before

Mezquita slipped on it. *Cf. id.* ("This record contains no evidence of how long the puddle existed before [the plaintiff] slipped on it; thus, the court of appeals erred in reversing summary judgment for HEB."); (Docket Entry Nos. 32, 33, 34). The Texas Supreme Court "repeatedly has rejected calls 'for a relaxed burden of proof in slip-and-fall cases when the evidence is scant.'" *See H-E-B, LP*, 732 S.W.3d at 548. Kroger is entitled to judgment as a matter of law on the premises-liability claim. *See Celotex Corp.*, 477 U.S. at 323.

**3. The Unreasonably-Dangerous-Condition Claim**

The plastic bag was not an unreasonably dangerous condition. (*Compare* Docket Entry Nos. 32, *with* Docket Entry No. 1-1 (alleging that "[t]he plastic bag posed an unreasonably dangerous condition")). "Though the question of whether a condition is unreasonably dangerous is 'often a fact question,' Texas courts have held that 'common or innocuous hazards are not unreasonably dangerous as a matter of law.'" *Hawthorne v. Randall's Food & Drugs, LP*, No. 1:24-cv-600-DAE, 2026 WL 933539, at *3 (W.D. Tex. Feb. 24, 2026) (citing *Pay & Save, Inc. v. Canales*, 691 S.W.3d 499, 502 (Tex. 2024)). "Merely because a condition causes an injury does not make it unreasonably dangerous." *Ardelean v. Wal-Mart, Inc.*, 838 F. App'x. 852, 854 (5th Cir. 2020) (per curiam). Texas courts consider myriad factors, including "whether the relevant condition was clearly marked, its size, whether it had previously caused injuries or generated complaints, whether it substantially differed from conditions in the same class of objects, and whether it was naturally occurring." *Hawthorne*, 2026 WL 933539, at *3 (citing, *inter alia*, *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970)). "[A] landowner's duty to invitees is not absolute. A landowner 'is not an insurer of [a] visitor's safety.'" *Austin*, 465 S.W.3d at 203 (citations omitted).

Mezquita argues that the plastic bag was "inconspicuous" and "clear[,]" "resembling a deli bag." (Docket Entry No. 33 at 4, 7). But that description alone does demonstrate that the bag "substantially differed" from others in the same class, much less prove that the bag was an unreasonably dangerous condition. *See Hawthorne*, 2026 WL 933539, at *3. Mezquita argues that the "entrance condition created an unreasonable risk of harm" because of the leaves and papers. (*See* Docket Entry No. 33 at 7). But, as the complaint alleges and the summary-judgment record reinforces, Mezquita slipped on the plastic bag, not on the leaves or papers.[2] (*See* Docket Entry 1-1 ("Plaintiff fell while entering the store due to a plastic bag.")); (*compare* Docket Entry Nos. 32, 34, *with* Docket Entry No. 33); *see also Ardelean*, 838 F. App'x at 854 ("Merely because a condition *causes* an injury does not make it unreasonably dangerous." (emphasis added)). Mezquita has not presented competent summary-judgment evidence about other instances of injuries or complaints involving plastic bags, leaves, or papers near the entrance at this Kroger location. *See id.*; (Docket Entry Nos. 1-1, 33). Kroger is entitled to judgment as a matter of law on the unreasonably-dangerous-condition claim.

**4. Federal Rule of Civil Procedure 56(d)**

Mezquita argues that "the [c]ourt should defer ruling under Rule 56" to allow for "corporate-representative discovery." (Docket Entry No. 33 at 8–9). She claims that "[t]his case remains in discovery[,] noting that the fourth amended scheduling and docket control order "sets December 28, 2026[,] as the discovery-completion deadline." (*Id.* at 8). Kroger argues that "additional discovery or deposition will . . . [cause] delay" and that "[a] deposition regarding

---

[2] Mezquita does not allege that the leaves or papers altered her walking pathway or otherwise caused her to slip on the plastic bag. (*See* Docket Entry Nos. 1-1, 33).

Kroger's employees does not change [Mezquita]'s admission that she cannot establish Kroger had actual or constructive knowledge of [the] plastic bag . . . ." (*See* Docket Entry No. 34 at 8–9).

"Rule 56(d) does not preclude early summary judgment motions, however, only premature ones." 11 Jeffrey W. Stempel, et al., MOORE'S FEDERAL PRACTICE (hereinafter "11 MOORE'S") § 56.100[1] (3d ed. 2026). "[A]n early summary judgment motion might not be premature if it raises issues that can be resolved fairly without the need for the opposing party to take discovery to gather the responsive proof." *Id.* (citation omitted). "[I]f a party has had a reasonable opportunity to explore the issues, summary judgment is not premature even if the discovery period has not closed." *Id.* (citing *Nieves-Romero v. United States*, 715 F.3d 375, 380 (1st Cir. 2013) ("[T]he fact that discovery is still open does not bar a district court from resolving a fully briefed summary judgment motion."); *Hodgin v. UTC Fire & Sec. Ams. Corp.*, 885 F.3d 243, 250 (4th Cir. 2018) ("Thus, the relevant question under Rule 56(d) is not whether discovery remained open at the time that the summary-judgment motion was filed, but whether the party seeking to defer a ruling on that motion had a reasonable opportunity to conduct essential discovery.")).

On the present record, Mezquita had a reasonable opportunity to conduct the requested discovery. *See Hodgin*, 885 F.3d at 250; (Docket Entry No. 33 at 8–9; Docket Entry No. 33-2). In addition to issuing the original scheduling and docket control order, this court has issued four amended scheduling and docket control orders in the present case. (Docket Entry Nos. 13, 17, 19, 21, 27 (requiring the close of discovery in November 2024, June 2025, November 2025, May 2026, and December 2026, respectively)). Between the court's initial conference on May 3, 2024, (Docket Entry Nos. 12, 13), and the filing of Kroger's summary-judgment motion on September 1, 2026, (Docket Entry No. 32), Mezquita had 851 days—nearly 2.5 years—to conduct the requested discovery. The court declines Mezquita's request.

## III. Conclusion

The court grants Kroger's summary-judgment motion, (Docket Entry No. 32). Final judgment will be separately entered.

SIGNED on October 29, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge